**NATIONAL SUPER MARKETS, INC. and Hope Baptist Church of Castle Point, Plaintiffs–Appellants,**

v.

**CITY OF BELLEFONTAINE NEIGHBORS, Defendant– Respondent.**

**No. 59395.**

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 18, 1992.

Gregory R. Smith, Matthew D. Menghini, JoAnn M. Tracy, Husch & Eppenberger, St. Louis, for plaintiffs-appellants.

Kevin M. O'Keefe, Uthoff, Graeber, Bobinette & O'Keefe, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiffs, National Super Markets and Hope Baptist Church, appeal from the judgment of the trial court in a declaratory judgment action upholding the reasonableness of the city's R–1 zoning of a tract of land owned by the church. That zoning classification is the most restrictive single family zoning in the city. National has a contract to purchase the land in question conditioned upon the rezoning of the property to C–3 to allow utilization of the property for a super market. The city refused to rezone. We affirm.

The trial court filed extensive findings of fact and conclusions of law, which are quite helpful in understanding the court's ruling. The property in question is an 8.7 acre tract which is a portion of a 23 acre parcel owned by the church. It is located on Bellefontaine Road near Highway I–270. It lies east of Bellefontaine Road and south of I–270. I–270 is the northern boundary of the City of Bellefontaine Neighbors. Immediately to the north of the tract are two commercial buildings—an Amoco station and a now unoccupied Bonanza restaurant. To the north of I–270 is a commercial area focused predominately around Dunn Road the service and connector road for the highway. That area is not in Bellefontaine Neighbors. The area to the west, south and east of the tract is all zoned residential.

R–1 district regulations restrict land uses to single family dwellings, churches, schools, parks, playgrounds, community buildings, golf courses, libraries, farms and truck gardening. Minimum lot size for developments in the district is 20,000 square feet.

The trial court found:

"The Court finds that the overwhelming character of the zoning and land uses to the east, south and west of the subject property is residential. All adjoining property in each of those directions is in the R–1 district. While this site is located on the boundary between the R–1 district and two commercial uses, a gas station and a vacant restaurant facility, the court finds these uses to be less significant in giving character to the subject property than the more extensive residential areas. The Court finds that the property is residential in character

and that it takes its character from the predominant adjoining and nearby residential district and land uses. *Elam v. City of St. Ann*, 784 S.W.2d 330, 336 (Mo.App.1990)"

This finding is fully supported by the evidence. There was evidence that the service station was essentially a neighborhood type of operation not a high volume operation as was a station on the north of I–270. The restaurant, in its prior use, was also a relatively low volume neighborhood operation. There was evidence that I–270 served as a logical demarcation line between the commercial operations to the north and the residential type uses to the south. This because Dunn Road served to funnel drivers utilizing the interstate into those commercial enterprises north of the highway and there was no similar access or connector road to the south of the highway. The trial court found that I–270 "effectively acts as a barrier to the extension of commercial activity to the south".

In *Elam, supra,* in discussing the public benefits necessary to justify a zoning regulation in spite of the private detriment which it imposes, we identified several factors to be considered. Those include the character of the neighborhood, the zoning and the uses of nearby property and the detrimental effect that a change in zoning would have on other property in the area. We further stated that the zoning must be "congruent with [and] fit comfortably within" the zoning and use of surrounding property. As in *Elam* where the property is located on a boundary between a residential district and a less restricted district, the inquiry to be made is whether the property takes its character from the residential district or from the less restricted district. *Id.* at [5]. The record here makes abundantly clear that, as the trial court found, the subject tract takes its character from the residential district.

The major thrust of plaintiffs' evidence in the trial court was that the property could not be feasibly developed under the R–1 zoning. The parties presented sharply conflicting expert testimony on that issue. The court, crediting the expert opinion evidence of the city, found that the evidence established a reasonable potential for development of the subject property under the R–1 zoning. There was expert testimony to support the court's finding.

Plaintiffs attack the finding essentially on two bases. First they challenge the foundation laid for the experts' testimony. We note that most of the testimony adduced was not objected to on that or any other basis. The admission of the testimony which was objected to was within the broad discretion of the trial court in ruling on the admissibility of expert testimony. Further, the foundation laid for the sources from which the experts gained the information necessary for having an opinion was "reasonable" and sufficient to allow admissibility of the testimony under § 490.065 RSMo (1991 Supp.). The experts utilized by the city were qualified to furnish expert testimony on the basis of their education, knowledge, skill, training and extensive experience in land planning and design. There was sufficient evidence to support the trial court's finding of economic feasibility to develop the property under the R–1 zoning.

Plaintiffs also attack that finding on the basis that the trial court examined the evidence only from the standpoint of a commercial zoning and did not consider the possibilities of other less restrictive residential zoning. It is true that the issue in suits of this nature is whether the zoning presently in place is so detrimental to the private landowner as to outweigh the public benefit thereby making the zoning unreasonable. It is not the province of the court to determine the proper zoning but only if the present zoning is reasonable. *West Lake Quarry v. City of Bridgeton*, 761 S.W.2d 749 (Mo.App.1988) [9]. We are unable to find any error. The plaintiffs' petition addressed the unreasonableness of the city's refusal to rezone the property to commercial. It did not allege any unreasonableness in failing to rezone to a different residential category. The evidence at trial was all directed to the plaintiffs' intentions to utilize the property for commercial purposes, not residential purposes. Na-

tional Super Markets does not want to acquire the property to build residences, it wants to construct a super market. The issue posited throughout the trial was whether the property in question should be used for commercial or residential purposes. The trial court addressed the issue before it. On the evidence before it it made the determination requested by the parties—whether the R–1 zoning was unreasonable as compared to a commercial zoning. If the owner of the property subsequently seeks a change to a different residential zoning from the city and is refused it can seek at that time to challenge that denial.

 Because zoning and refusal to rezone are legislative acts we review *de novo* any challenges to their validity. *Elam, supra* [3]. However, the issue of credibility is still the province of the trial court and where as here the court has expressly made findings of its determinations of credibility we defer to those determinations. Zoning ordinances are presumed to be valid but that presumption is rebuttable. The challenger bears the burden of proving an ordinance's unreasonableness as applied to his property. *Id.* An uncertainty about the reasonableness of a zoning ordinance must be resolved in the municipality's favor and if the issue is at least fairly debatable, the reviewing court may not substitute its opinion for that of the zoning authority which enacted the challenged ordinance. *Id.* at [4]. We concur with the finding of the trial court that the issue is at least fairly debatable. The area in question is predominately residential and takes its character from the residential area surrounding it. The zoning and the refusal to rezone is part of the city's comprehensive plan for the development of the city. There was evidence that utilization of the tract in question for purposes permitted by the R–1 regulations is economically feasible particularly when combined with the remaining vacant property owned and not utilized by the church. There was evidence that allowing development of the land as commercial would be detrimental to the planned development of the city and to other property nearby and all along Bellefontaine Road in the municipality.

Judgment affirmed.

KAROHL, and AHRENS, JJ., concur.