

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| THE CITY OF ARNOLD, | ) | No. ED110103 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | Jefferson County |
| vs. | ) | Cause No. 21JE-CC00217 |
| | ) | |
| RAY DICKHANER, LLC, | ) | Honorable Troy Cardona |
| | ) | |
| Respondent. | ) | Filed: July 26, 2022 |

## OPINION

Respondent Ray Dickhaner, LLC (Dickhaner) challenges a zoning decision made by the City of Arnold (Arnold). Arnold appeals the entry of summary judgment in favor of Dickhaner. Since the summary judgment record shows that material facts are in genuine dispute, we reverse the circuit court's entry of summary judgment and remand the case for further proceedings.

### Facts and Procedural Background

Dickhaner owns a 1.6-acre parcel (the property) in Arnold. The property is currently zoned for residential use. In January 2021, Dickhaner formally requested that Arnold rezone the parcel for commercial use. Arnold denied Dickhaner's request. Dickhaner then filed this action in circuit court, seeking administrative review and declaratory judgment invalidating the current zoning and requiring Arnold to rezone the property for commercial use.

1

Shortly after initiating this matter, Dickhaner filed a motion for summary judgment. Dickhaner based its summary judgment motion primarily on an affidavit by a land surveyor, Dan Govero. As foundation for his testimony, the affidavit states that Govero is a land surveyor and president of a firm that regularly represents real estate owners seeking to develop properties. Govero states that he is familiar with the local costs for excavation and extending water, sewer, gas and electrical services, and that he is familiar with the property involved in the zoning dispute.

Govero's affidavit asserts that the development of the property was economically unfeasible because the costs for development would exceed the value of the resulting residential parcels. Further, the property could accommodate only three residential parcels with a market value of about $30,000 each, according to his affidavit. In order for Dickhaner to effectively develop the property, Govero further concluded six foot tall concrete culverts will need to be installed to address the drainage issue at a cost of $80,000, two overhead electric lines will have to be relocated at an expense of $100,000 and additional water and sewer issues require attention and at further expense. Due to the development costs exceeding the value of the resulting parcels, developing the property for residential use was unfeasible, according to Govero. The affidavit concludes that for these collective reasons, the economic viability of the property requires a commercial zoning classification.[1] Pursuant to Rule 74.04(c)(1), Dickhaner requested summary judgment restating the cost analysis contained in Govero's affidavit.[2]

Prior to responding to summary judgment, Arnold deposed Govero. In his deposition, Govero acknowledged that his cost projections were estimates and that the exact costs for

---

[1] The affidavit requested a "C-3" zoning status, which is different from the "C-2" zoning status requested by Dickhaner in its petition. The difference between these two classifications is not explained.

[2] All Rules references are to Missouri Supreme Court Rules (2022).

2

development should be obtained from those performing the work. Govero stated, however, that he regularly advised property owners about property development feasibility by using a similar estimate procedure. Based on Govero acknowledging that his cost numbers were estimates, Arnold denied each of the summary judgment facts rooted in the Govero affidavit.

Arnold did not submit its own competing costs analysis. However, it did present an affidavit authored by an Arnold engineer and did submit other discovery documents and records. Based on these materials, Arnold proffered its own additional material facts that remain in dispute, pursuant to Rule 74.04(c)(2). Arnold provided evidence that Dickhaner's property is surrounded on all sides by residential properties and zoning, coupled with the fact that Dickhaner purchased the property for $2,879.15. Arnold's engineer concluded in her affidavit that the zoning change was not "shown to be in the best interests for the health, safety, and welfare of the citizens of the City of Arnold." Further, the evidence demonstrated that several residents in the surrounding area objected to the change because it would, in their view, negatively affect the safety, traffic congestion, and the character of the residential neighborhood, among other issues. Dickhaner did not respond to Arnold's statement of additional facts.

On October 13, 2021, the circuit court entered an "Order of Partial Summary Judgment." The order directed Arnold to rezone the property to commercial use within 60 days while the trial court retained jurisdiction to review that process. Acting in what it described as "an abundance of caution," Arnold appealed this partial order. Dickhaner moved to dismiss the appeal because the trial court order was not a final judgment. On December 16, 2021 this court denied Dickhaner's motion, concluding that the "partial" judgment provided all the relief requested in the petition and was in fact a final judgment for purposes of appeal. The matter is now fully briefed, argued and prepared for our decision.

3

**Points on Appeal**

Arnold raises three points on appeal. The first and third points raise similar arguments asserting that summary judgment was not properly granted because Arnold's evidence showed a public benefit from its zoning decision, created a factual dispute that prevented summary judgment and provided a reasonable ("fairly debatable") basis for overruling Dickhaner's motion. Arnold's second point challenges the expert credentials of Dickhaner's expert, Govero. We reverse based on Arnold's first and third points and therefore do not reach the second point.

**Standard of Review**

The propriety of summary judgment is an issue of law, and this Court's review of a grant of summary judgment is essentially *de novo. ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The court "review[s] the record in the light most favorable to the party against whom judgment was entered." *Id.* Summary judgment is proper only if the moving party establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 382; *see also* Rule 74.04.

A genuine issue exists when the record contains competent materials that support two plausible, but contradictory, accounts of the essential facts. *ITT Com. Fin. Corp.*, 854 S.W.2d at 382. A genuine issue is a dispute that is real, not merely argumentative, imaginary, or frivolous. *Id.* When determining whether a genuine factual issue exists for summary judgment purposes, "[c]ourts do not weigh conflicting evidence or make credibility determinations." *Brentwood Glass Co., Inc. v. Pal's Glass Serv., Inc.*, 499 S.W.3d 296, 302 (Mo. banc 2016) (citing *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 578 (Mo. banc 2006)). The Court accords the non-movant the benefit of all reasonable inferences from the record. *ITT Com. Fin. Corp.*, 854 S.W.2d at 376.

4

## Discussion

"Zoning ordinances are presumed to be valid and the challenging party bears the burden of proving the unreasonableness of maintaining the existing zoning." *Lenette Realty & Inv. Co. v. City of Chesterfield*, 35 S.W.3d 399, 405 (Mo. App. E.D. 2000). This requires a two-step analysis. *Id.* First, a court determines whether the challenging party has presented sufficient evidence to rebut the presumption that the present zoning is reasonable. *State ex rel. Gilley v. Cnty. Comm'n of Franklin Cnty.*, 611 S.W.3d 569, 580 (Mo. App. E.D. 2020). Second, if the presumption has been rebutted, the court determines whether the government's evidence establishes that the reasonableness of the zoning [decision] is 'fairly debatable.' *Id.* "Any uncertainty about the reasonableness of a zoning regulation must be resolved in the government's favor: if the issue is at least fairly debatable, the reviewing court may not substitute its opinion for that of the zoning authority which enacted the challenged ordinance." *JGJ Properties, LLC v. City of Ellisville*, 303 S.W.3d 642, 647 (Mo. App. E.D. 2010); *see also Nat'l Super Markets, Inc. v. City of Bellefontaine Neighbors*, 825 S.W.2d 24, 26 (Mo. App. E.D. 1992) ("It is not the province of the court to determine the proper zoning but only if the present zoning is reasonable").

In order to rebut the presumption of validity in the City Council's zoning determination, a property owner must demonstrate that "the private detriment [to the owner] outweighs the public benefit." *Wells & Highway 21 Corp. v. Yates*, 897 S.W.2d 56, 61 (Mo. App. E.D. 1995). "Factors which show private detriment include the adaptability of the subject property to its zoned use and the effect of zoning on property value." *Elam v. City of St. Ann*, 784 S.W.2d 330, 335 (Mo. App. E.D. 1990); *see also Lenette*, 35 S.W.3d at 406; *JGJ Properties, LLC*, 303 S.W.3d at 648. Missouri case law particularly emphasizes the second of these two factors: the effect of the

5

zoning on the property value. In *Elam*, this court observed that "there can arguably be no private detriment in the absence of a demonstrated negative impact on property value." 784 S.W.2d at 336. Thus, while a negative effect on value may not be the exclusive factor in determining a private detriment, it is difficult to find a private detriment in the absence of such evidence. *Id.*[3]

Accepted as true for purposes of summary judgment, Dickhaner's evidence fails to make a compelling case for private detriment. His evidence reflects that factors such as topography and the existing power lines make it difficult or even economically impossible to develop the property for residential purposes. However, there is not any evidence whatsoever before us demonstrating that any other use of the property would fare better. Simply put, it is impossible to tell from the record whether a commercial use of the property or any other proposed use would have enough value to overcome the topographical and other factors making development of the property difficult.

In *Elam*, this court observed that "arguably" to demonstrate a private detriment, the moving party must present persuasive evidence showing the difference in value between the property as zoned and another use. 784 S.W.2d at 336. Review of successful zoning challenges highlights the significance of evidence showing this difference. *See, e.g., Lenette Realty & Inv. Co.*, 35 S.W.3d at 403 (challenger "presented uncontroverted expert testimony that under the existing zoning the property was worth $450,000 and that if rezoned according to Lenette's proposal, it would be worth $2,450,000"); *Wells*, 897 S.W.2d at 61 ("Owner's appraiser, prepared two economic feasibility analyses, one using the property for an eight-lot subdivision and the other using the property for a commercial development with sites for retail/office space

---

[3] Dickhaner relies extensively on a circuit court judgment, *Keller Manor, Inc. v. The Honorable Samuel Rauls*, Cause No. CV301-2574-CC-J2 (Mo. Cir. Jeff. Cty., August 16, 2002). While a circuit court judgment is not precedential, we have reviewed the *Keller Manor* decision and find it entirely consistent with our conclusions and analysis in this decision.

6

and a gasoline/convenience store."); *Fairview Enterprises, Inc. v. City of Kansas City*, 62 S.W.3d 71, 77–78 (Mo. App. W.D. 2001) (evidence showed zoning decision would "significantly damage the property value of [challengers'] property" and "cause the value of [one challenger's] property to decrease [from $350,000] to $60,000"). The absence of such evidence in the current case substantially reduces the force of Dickhaner's "private detriment" evidence. The demonstration of private detriment in this record is therefore attenuated.

The next step in the analysis is to balance the private detriment against the public benefit existing under the present zoning status under the "fairly debatable" standard. *Wells*, 897 S.W.2d at 61. Arnold's summary judgment evidence focused almost exclusively on presenting evidence of public benefit. Among other things, Arnold submitted evidence that the proposed zoning change had not been "shown to be in the best interests for the health, safety, and welfare of the citizens of the City of Arnold." Arnold also submitted evidence of the residential character of the neighborhoods surrounding the property, concerns about traffic patterns and statements by local residents opposing the zoning change. Dickhaner did not respond to Arnold's proffered summary judgment facts. For purposes of summary judgment, we must take these facts proffered by Arnold as true.

Thus, the ultimate question presented for summary judgment purposes is how to weigh Arnold's showing of an undisputed public benefit against Dickhaner's attenuated showing of private detriment. As clearly and repeatedly explained in the case law, summary judgment is not an appropriate vehicle for a court to "weigh" competing evidence. *Brentwood Glass Co., Inc.*, 499 S.W.3d at 302.[4] If the weighing leaves the balance "fairly debatable," Arnold's zoning decision must be upheld. *JGJ Properties, LLC*, 303 S.W.3d at 647. Dickhaner's evidentiary

---

[4] Respondent does not cite any case affirming summary judgment in favor of a challenger in a zoning case.

showing does not meet the burden the law imposes here. This matter and the record currently before us are an inappropriate circumstance for summary judgment so the judgment must be reversed.[5]

## **Conclusion**

The judgment is reversed and the matter is remanded to the circuit court for further proceedings consistent with this opinion.

Thomas C. Clark II, Judge

Robert M. Clayton III, P. J., and
Gary M. Gaertner, Jr., J., concur.

---

[5] Dickhaner filed a Motion for Damages for Frivolous Appeal. That motion is denied.

8